UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NO VAN NGUYEN ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. 05-205M <br><br><br> DETENTION ORDER |

Offense charged:

      Count I: FALSE PERSONATION- Title 18, U.S.C., Section 912

      Count II: FALSE PERSONATION- Title 18, U.S.C., Section 912

      Count III: FALSE PERSONATION- Title 18, U.S.C., Section 912

Date of Detention Hearing: May 3, 2005.

      The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions, which defendant can meet, will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

      Government argues to follow pre-trial recommendation of detention. The defendant has no family contacts and is unable to verify his residence with a girlfriend. Government has emphasized the defendant's use of an alias and lack of employment.

      The defense disagrees with the pre-trial services recommendation and recommends release on supervision. The defense argues that the defendant has significant ties because while being born in Vietnam, he has lived in the United States since 1984. He has spent the last 14 years here in the Seattle/Tacoma Washington area. Furthermore, the defendant is also a legal permanent resident. The defense suggests that the defendant relinquish travel papers and passport. Defense also disagrees with any use of an 'alias' but rather only a single name of "Minh." Lastly, defendant is likely to serve

no more than 10-16 months.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The gravamen of the case is the offense of fraud to induce money for citizenship papers and other official government documents.  The defendant has admitted to impersonating immigration officers in order to obtain documents from members of the Vietnamese community.

(2) Without family ties, a stable residence or legitimate employment there is no condition or combination of conditions that would reasonably assure future court appearances.

It is therefore ORDERED:

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-